IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD A. SMITH,        )
    Plaintiff,       )
                        )
  v.                    )   Civil Action No. 04-1031
                        )
CENTRAL PARKING SYSTEM OF )
PENNSYLVANIA, INC.,     )
    Defendant.       )

MEMORANDUM AND ORDER

Gary L. Lancaster,                              January 9, 2005
District Judge.

      This is an employment discrimination and civil rights action. Plaintiff alleges that he was discriminated against based on his race, African-American, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981. Specifically, plaintiff claims that his manager, Al Kraemer, treated him in a discriminatory fashion resulting in disparate treatment on account of his race and a racially hostile work environment. He alleges that defendant knew about the alleged discrimination and failed to take appropriate action to remedy the situation. Plaintiff seeks compensatory and punitive damages, as well as declaratory relief.

      Defendant has filed a motion for summary judgment under Fed. R. Civ. P. 56(c). Defendant argues that plaintiff cannot establish a prima facie case for disparate treatment race discrimination because he did not suffer any adverse employment

action and has not demonstrated that similarly situated white employees were treated more favorably. As to plaintiff's hostile work environment claim, defendant argues that plaintiff has failed to establish the necessary elements to prove his claim. Specifically, defendant argues that plaintiff cannot demonstrate that he suffered intentional discrimination because of his race. Defendants further argue that even if Mr. Kraemer made a statement about "getting rid of" black employees - which defendant contends Mr. Kraemer did not make - such statements standing alone do not rise to the level of pervasive and regular conduct sufficient to sustain a hostile work environment claim.

In opposition to defendant's motion for summary judgment plaintiff argues that several witnesses have offered deposition and affidavit testimony that plaintiff was monitored and scrutinized far more frequently than similarly situated white lot managers. As to his hostile work environment claim, plaintiff argues that Mr. Kraemer subjected him to pervasive and regular scrutiny in the form of lot checks on a daily basis, thereby creating a hostile work environment.

For the reasons that follow, the defendants' motion for summary judgment will be DENIED.

I.     BACKGROUND

Unless otherwise indicated, the following facts are

undisputed.

Plaintiff is a lot manager with Central Parking. He first became an employee of Central Parking in 1997, when Central Parking purchased the parking lot operations of plaintiff's previous employer, Square Industries. Plaintiff's duties as a lot manager include parking and returning customer's vehicles, stamping their tickets in and out, and collecting payment. He is a member of Local 926 of the Teamsters Union.

Defendant installed Alan Kraemer as its General Manager of the Pittsburgh region in 1997. He served in that capacity until his termination in December 2003. As General Manager, Mr. Kraemer oversaw a number of lot supervisors who were responsible for conducting lot checks and audits to make sure that company policy was being followed.

Plaintiff alleges that Mr. Kraemer instructed several lot supervisors to lot check and audit him far more frequently than white employees. Plaintiff also alleges that Mr. Kraemer made racial comments on two occasions, and disciplined plaintiff for matters for which white employees were not disciplined. Defendant contends that the frequent lot checks and audits were warranted because plaintiff had repeatedly violated company rules and procedures. Defendant denies that Mr. Kraemer made any racial comments at any time.

Plaintiff notified defendant about Mr. Kraemer's

conduct via two grievances filed on November 2, 2000 and January 18, 2001, respectively. On June 4, 2002, plaintiff was terminated, however, he was reinstated through grievance procedures.

Plaintiff claims that he suffered depression and anxiety because he lived in fear of losing his job for approximately six years. He has been diagnosed with Adjustment Disorder with Mixed Anxiety and Depression.

II.    STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247-48. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. Id. at 248. Similarly, summary


judgment is improper so long as the dispute over the material facts is genuine. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id.

It is on this standard that the court has reviewed defendant's motion and plaintiff's response thereto. Based on the pleadings and evidence of record, and the briefs filed in support and opposition thereto, the court concludes, as a matter of law, that there remains a genuine dispute over material facts which precludes the entry of summary judgment in this matter.

III. DISCUSSION

There are several genuine issues of material fact in this case, including whether plaintiff was treated less favorably than similarly situated white employees. Plaintiff has offered the deposition and affidavit testimony of several co-workers in an effort to demonstrate that Mr. Kraemer directed them to lot check and audit plaintiff's lots far more frequently than other lots. The fact finder must determine whether these and other disputed facts establish disparate treatment by defendant based on plaintiff's race. The fact finder must also determine the credibility of witnesses regarding racial comments that may or

may not have been made by Mr. Kraemer.  Plaintiffs have set forth sufficient evidence to create a genuine issue of material fact as to whether these comments were made.

A genuine issue of material fact also exists as to whether plaintiff suffered any adverse employment action. Plaintiff contends that he was terminated in 2002 and only retained his job through union grievance procedures.  The finder of fact must determine whether plaintiff's temporary termination constitutes adverse employment action.

There are also material facts in dispute to preclude summary judgment as to plaintiff's hostile work environment claim.  A genuine issue of material fact exists as to whether plaintiff suffered intentional discrimination because of his race, and whether the discrimination was pervasive and regular. A reasonable fact finder could determine that by the totality of circumstances, a hostile work environment existed that was severe enough to affect plaintiff's psychological stability.  See Andrews v. City of Phila., 895 F.2d 1469, 1482 (3d Cir. 1990).

IV.   CONCLUSION

Accordingly, this 9th day of January, 2006, upon consideration of defendant's motion for summary judgment [document 22], IT IS HEREBY ORDERED that defendant's motion is DENIED.

BY THE COURT:

_____, J.

cc:     All Counsel of Record